In the Matter of LEWIS S. CARPENTER, Respondent, v. BRYANT OLIN et al., Appellants.— Appeal from orders of the Supreme Court, Chemung County, in a proceeding brought pursuant to article 78 of the Civil Practice Act. Petitioner-respondent, the owner of a discontinued schoolhouse, applied for a certificate of occupancy and permission to extend and remodel the premises to make it suitable for residency. This request was denied by the building inspector and then by the Board of Zoning Appeals of the Town of Horseheads. Petitioner brought the instant proceeding to review the determination of the Board of Zoning Appeals. The court below has held that while petitioner could not obtain a permit for an extension of the existing building, he was entitled to a permit to remodel it into a one-family dwelling and a certificate of occupancy upon filing reasonable plans for the remodeling and upon approval of sanitary and sewage facilities by the Health Department of the County of Chemung. Appellants raise on this appeal the issue whether the decision of the Zoning Board of Appeals, although adverse to petitioner, was reviewable by a proceeding under article 78. Subdivision 2 of section 267 of the Town Law provides that the "board of appeals shall hear and decide

appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this article. It shall also hear and decide all matters referred to it or upon which it is required to pass under any such ordinance". Since article VII, section 4 of the Zoning Ordinance of the Town of Horseheads states: "No nonconforming building shall be altered or extended except as authorized by the Town Board.", it is urged that the Town Board reserved unto itself original jurisdiction in the area here involved, thus rendering the determination of the Zoning Board of Appeals jurisdictionally defective and therefore not reviewable in this proceeding. Since the court below denied respondent's application to extend the existing premises and no appeal is brought here from that determination, this aspect of the proceeding has become academic. With respect to the remainder of the holding of the court below, even if it is assumed that the alteration of the schoolhouse to a family dwelling constituted a change in "use" (see Zoning Ordinance of the Town of Horseheads, art. III, § 1), the change sought to be made here is specifically authorized by article VII, section 5 of the Zoning Ordinance providing that a "nonconforming use may be changed to another nonconforming use of the same or more restrictive classification". Therefore, with the extension of the structure no longer in issue, no question of variance is involved here, and as to the remaining issues the Zoning Board of Appeals had jurisdiction in its appellate capacity to review the action of the building inspector in denying petitioner's application (Town Law, § 267). Orders affirmed, with costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.